IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON PAINTERS PENSION TRUST FUND, TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON PAINTERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, TRUSTEES OF OREGON AND SOUTHWEST WASHINGTON PAINTERS LABOR MANAGEMENT COOPERATION TRUST FUND, TRUSTEES OF THE SIGNATORY POINTING CONTRACTORS ORGANIZATION INDUSTRY PROMOTION FUND, AND PAINTERS DISTRICT COUNCIL NO. 5, | 05-CV-1739-BR OPINION AND ORDER |
|      Plaintiffs, | |
| v. | |
| HOWARD BEER, fdba Howard's Painting Service, and HOWARD'S PAINTING SERVICE, INC., | |
|      Defendants. | |

1 - OPINION AND ORDER

**STEPHEN H. BUCKLEY**
**CARY R. CADONAU**
Brownstein Rask Sweeney Kerr Grim
DeSylvia & Hay, LLP
1200 S.W. Main Street
Portland, OR 97205
(503) 221-1772

      Attorneys for Plaintiff

**HOWARD BEER**
216 Hageman Road
Kelso, WA 98626
360-425-1081

      Defendant *Pro Se*

**BROWN, Judge.**

    This matter comes before the Court on Plaintiffs' Motion for Summary Judgment (#54) against Howard's Painting Service, Inc. For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion.

## BACKGROUND

    Plaintiffs are a labor union and trustees of various trust funds. The trust funds are employee welfare benefit and pension plans pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1002(1) and 1002(2)(A).

    In June 2003, Defendant Howard Beer signed a Compliance Agreement (CA) as the President and sole proprietor of Howard's Painting Service, which bound him to a collective-bargaining agreement (CBA) that required him to pay fringe-benefit contributions and union dues to Plaintiffs on behalf of union

2 - OPINION AND ORDER

employees who performed work covered by the CBA.

In December 2003, Beer incorporated his business as Howard's Painting Service, Inc., and the corporation continued to use union employees to perform work covered by the CBA.

On November 15, 2005, Plaintiffs filed an action in this Court alleging Defendants breached the CBA and thereby violated ERISA when they (1) failed to file remittance reports and to pay fringe-benefit contributions and union dues to Plaintiffs for May 2005 through September 2005 and (2) failed to pay contributions and dues for May 2004 through September 2004. Plaintiffs sought an order requiring Defendants to file the remittance reports and to pay all required fringe-benefit contributions and dues, interest, liquidated damages, attorneys' fees, and accounting costs.

On March 3, 2006, the Court entered an Order providing Plaintiffs with notice that the Court intended to dismiss this action for lack of prosecution. The Court noted Plaintiffs filed the matter on November 15, 2005, but had not taken any action in the case since they effected service on Beer on December 23, 2005. In response to the Court's Order, Plaintiffs filed a Motion to Abate the action.

On March 9, 2006, the Court entered an Order granting Plaintiffs' Motion to Abate and staying this matter pending further order of the Court.

3 - OPINION AND ORDER

In Spring 2006, Plaintiffs' accountants, Paul Rogers & Company, performed a payroll examination of Howard's Painting Service, Inc.  The accountants determined Defendants had not paid all of the fringe-benefit contributions or union dues required under the CBA for the period December 23, 2003, through December 31, 2005.  In addition, Defendants did not submit completed remittance reports to Plaintiffs to show the hours worked and contributions and/or dues owed for "bargaining-unit work" performed by Howard's Painting Service, Inc., employees from January 2006 through December 2006.  Defendants also did not pay any contributions or dues to Plaintiffs for the 2006 calendar year.

On August 31, 2006, Plaintiffs filed a First Amended Complaint in which they allege Defendants (1) failed to pay fringe-benefit contributions and union dues to Plaintiffs from April 1, 2004, through December 31, 2005, and (2) failed to file remittance reports and to pay fringe-benefit contributions and union dues to Plaintiffs from January 2006 through July 2006. Plaintiffs seek an order requiring Defendants to pay fringe-benefit contributions, liquidated damages, interest, attorneys' fees, payroll examination fees, and costs.

On December 15, 2006, Plaintiffs filed a Motion for Entry of Default on the ground that Defendants had failed to answer Plaintiffs' First Amended Complaint or otherwise to appear

4 - OPINION AND ORDER

in this matter even though the time for Defendants to make an appearance had expired.  On that same day, Beer filed *pro se* an Answer to Plaintiffs' First Amended Complaint on behalf of Beer and Howard's Painting Service, Inc.

On December 18, 2006, the Court denied Plaintiffs' Motion for Entry of Default on the ground that Beer had appeared and filed an Answer.

On January 29, 2007, Plaintiffs filed a Status Report and Request for 60-Day Order of Dismissal in which they reported the parties were working to settle the matter and requested the Court issue a 60-Day Dismissal Order.  Pursuant to Plaintiffs' request, the Clerk of Court entered an Order on January 30, 2007, dismissing this matter with prejudice but allowing the parties to have the Order set aside and the action reinstated upon good cause shown within sixty (60) days if the settlement was not consummated.

On February 27, 2007, Plaintiffs moved to reopen this action on the ground that Defendants failed to consummate the settlement.  On March 21, 2007, the Court held a hearing, granted Plaintiffs' Motion, and reopened the matter.  Defendants did not appear at the March 21, 2007, hearing.

On September 14, 2007, Plaintiffs filed a Motion for Summary Judgment against Howard's Painting Service, Inc., seeking judgment on all of Plaintiffs' claims.  Defendants did not file a

5 - OPINION AND ORDER

response to Plaintiffs' Motion.

## **STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving

6 - OPINION AND ORDER

party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary."  *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

If the nonmoving party does not respond to a motion for summary judgment or does not go beyond the pleadings and show there is a genuine issue of material fact for trial, summary judgment, if appropriate, shall be entered against the nonmoving party.  *Davies v. Valdes*, 462 F. Supp. 2d 1084, 1091 (C.D. Cal. 2006)(citing Fed. R. Civ. P. 56(e)).  Summary judgment should be granted when there is no genuine issue of material fact, and when the moving party is entitled to judgment as a matter of law.  *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (citing Fed. R. Civ. P. 56(c)).

## DISCUSSION

**I.   Howard's Painting Service, Inc., Adopted the CBA by Its Conduct.**

As noted, Beer formed Howard's Painting Service, Inc., after he signed the CA in an individual capacity binding him to the CBA.  Notably, Howard's Painting Service, Inc., was not a signatory to the CA and, therefore, not bound to the CBA through

the CA.  Plaintiffs contend, however, Howard's Painting Service, Inc., is liable under the CBA because it manifested an understanding and intent to be bound by the CBA through its words, conduct, and actions.

Although the CA reflects it is an agreement between Howard's Painting Service and Defendant Painters District Council No. 5 (Union) and Beer signed the CA as the President and sole proprietor of Howard's Painting Service, Howard's Painting Service, Inc., submitted a remittance report for June 2004 pursuant to the CBA, began submitting remittance reports and fringe-benefit contributions to Plaintiffs for work performed under the CBA in January 2007, and continues to submit remittance reports and fringe-benefit contributions.

To support their contention that Beer's execution as President and sole proprietor of Howard's Painting Service in conjunction with Defendants' conduct and actions after Howard's Painting Service became a corporation is sufficient to bind Howard's Painting Service, Inc., to the terms of the CBA, Plaintiffs rely on *Southern California Painters & Allied Trade Dist. Council No. 36 v. Best Interiors,* Inc., and *NLRB v. Haberman Construction Company*, 359 F.3d 1127 (9th Cir. 2004)

In *Best Interiors*, the Ninth Circuit found:  "To determine whether a party has adopted a [CBA] by its conduct, the relevant inquiry is whether the party has displayed 'conduct manifesting

an intention to abide by the terms of the agreement.'" 359 F.3d at 1133 (quoting *NLRB v. Haberman Constr. Co.*, 641 F.2d 351, 356 (5th Cir. 1981)). The Ninth Circuit noted in past cases it had concluded the following conduct was sufficient to establish that a party had adopted a CBA:

> [D]educting and remitting dues, paying union wages and benefits, and [the party] representing itself as a union business, . . . paying workers at CBA payscale and contributing to the Union's trust funds, . . . [and the party] avail[ing] itself of the benefits of the union hiring hall for referral of employees, . . . and pa[ying] its employees working under the contract the wage scale called for in the CBA.

*Best Interiors*, 359 F.3d at 1133 (citing *Haberman Constr. Co.*, 641 F.2d at 356-57, and *Arco Elec. Co. v. NLRB*, 618 F.2d 698, 699-700 (10th Cir. 1980)). The Ninth Circuit concluded the defendant in *Best Interiors* had adopted the CBA by its conduct because it "voluntarily implemented the new terms of the [CBA] by applying them to its drywall finishers. [The defendant] even gave the workers a dollar per hour wage increase that was mandated under the new agreement." *Best Interiors*, 359 F.3d at 1133.

In *Haberman*, the defendant did not sign a union's CBA. After their relationship broke down, the union brought an unfair-labor practices action against the defendant before the National Labor Relations Board (NLRB). 641 F.2d at 355. The NLRB concluded, among other things, that the defendant had adopted the

9 - OPINION AND ORDER

CBA by its actions. *Id*. The Fifth Circuit then granted the NLRB's petition to enforce its findings. *Id*. The Fifth Circuit noted, "It is well settled that a union and employer's adoption of a labor contract is not dependent on the reduction to writing of their intention to be bound." *Id*. at 355-56 (citations omitted). The court then concluded the defendant had "manifested an intent to abide by the Union-AGC contract" because it contributed to the union's trust funds for a period of time, used union members, observed union holidays, used the union for referrals, and paid the union wage scale. *Id*. at 356.

The Ninth Circuit has held "a collective bargaining agreement need not be in writing in order to be enforceable: 'The (National Labor Relations) Act, it is to be remembered, does not require contracts between employer and the union to be in any particular form, or that they be reduced to writing.'" *Certified Corp. v. Hawaii Teamsters and Allied Workers Local 996, IBT*, 597 F.2d 1269, 1272 (9th Cir. 1979)(quoting *NLRB v. Scientific Nutrition Corp.*, 180 F.2d 447, 449 (9th Cir. 1950)).

Here, as noted, even though Howard's Painting Service, Inc., did not sign the CA because it was not incorporated until after the CA was executed, the corporation hired union workers, submitted a remittance report for June 2004, and began submitting remittance reports and fringe-benefit contributions to Plaintiffs for work performed under the CBA from January 2007 to the

10 - OPINION AND ORDER

present.

The Court, therefore, concludes on this record that Plaintiffs have established Howard's Painting Service, Inc., adopted the CBA by its conduct.

## II. Howard's Painting Service, Inc., Is Liable under the CBA

To support their Motion for Summary Judgment, Plaintiffs rely on, among other things, the Affidavit of Randy Wilson, the accountant who performed the payroll examination of Howard's Painting Service, Inc., on behalf of Plaintiffs, and the exhibits attached thereto. In his Affidavit, Wilson testifies about his methods of accounting and his calculations of the deficient fringe-benefit contributions, interest, and liquidated damages. Attached to Wilson's Affidavit are the spreadsheets setting out the calculations of the missing fringe-benefit contributions requested by Plaintiffs. In addition, Plaintiffs have produced the CBA, which provides Defendants are liable for delinquent fringe-benefit contributions, union dues, interest, and liquidated damages.

As noted, Defendants did not file a response to Plaintiffs' Motion for Summary Judgment. After reviewing Plaintiffs' materials, however, the Court concludes Plaintiffs have established there is no genuine issue of material fact and provided sufficient support to establish that they are entitled to judgment as a matter of law. Accordingly, the Court grants

11 - OPINION AND ORDER

Plaintiffs' Motion for Summary Judgment.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment (#54) against Howard's Painting Service, Inc.

The Court directs Plaintiffs to advise the Court whether they intend to proceed as to Defendant Beer by December 11, 2007.

IT IS SO ORDERED.

DATED this 20th day of November, 2007.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER